# IN THE UNITED STATE DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CR-13-33-R - CIV-16-1491-R |
| | ) | CR-13-34-R – CIV-16-1492-R |
| JESSICA CHRONISTER, | ) | CR-13-194-R – CIV-16-1493-R |
| | ) | |
| Defendant. | ) | |

## ORDER

On December 30, 2016, Defendant filed a Motion for Minor Role Adjustment and Sentence Reduction Based on *United States v. Quintero-Leyva* and Pursuant to Amendment 794 and 28 U.S.C. § 2255 in each of her three criminal cases. The Court construes the motions as second or successive motions to vacate sentence under 28 U.S.C. § 2255. For the reasons stated herein, the Court DISMISSES Defendant's motions for lack of jurisdiction.

In a single motion listing all three of her case numbers Defendant seeks relief under Amendment 794 to the Sentencing Guidelines, which became effective November 1, 2015. This Court has authority to reduce the sentence of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that the United States Sentencing Commission has subsequently lowered pursuant to 28 U.S.C. § 994(o) "if such a reduction is consistent with applicable policy statements issued by the Commission." 18 U.S.C. § 3582(c)(2). Amendment 794 provides additional guidance to district courts in determining when a mitigating role adjustment applies under Section 3B1.2 of the Guidelines. *See*

Amendment 794, Supp. to App. C (Nov. 1, 2015). However, unless and until the United States Sentencing Commission specifically designates the amendment for retroactive application, the Court has no authority to apply the amendment to any of Defendant's cases under Section 3582(c)(2). *See* 18 U.S.C. § 3582(c)(2) (court may reduce sentence where consistent with policy statements of Commission); U.S.S.G. § 1B1.10 (if an amendment is not listed in subsection 1B1.10(c), a reduction not consistent with policy statement). While certain "clarifying" amendments may be applied retroactively in determining whether the district court correctly sentenced defendant under the Guidelines, a defendant must seek relief based on such amendments as a challenge to her sentence on direct appeal or in a motion under Section 2255. *United States v. Torres-Aquino*, 334 F.3d 939, 941 (10th Cir. 2003). This Court, however, lacks authority to modify a sentence under Section 3582(c)(2) based on a "clarifying" amendment to the Guidelines that the Sentencing Commission has not designated as retroactive. *See id.*

In probable anticipation of this limitation Defendant also relies on 28 U.S.C. § 2255 as a basis for her request. Defendant, however, previously filed a Section 2255 motion in each of her criminal cases, which the Court denied. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, she may not file a second or successive motion pursuant to Section 2255 unless she first applies to the United States Court of Appeals for the Tenth Circuit for an order authorizing this court to consider the motion. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h). Where, as here, a defendant files a second or successive motion without first seeking the required authorization, this Court may (1) transfer the motion to the appellate court if it determines that it is in the interest of justice pursuant to 28 U.S.C.

§ 1631 or (2) dismiss the motion for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008). The Court has discretion in deciding whether to transfer or dismiss without prejudice. *Trujillo v. Williams*, 465 F.3d 1210, 1222-23 (10th Cir. 2006). In making this decision, the Court considers whether the claims would be time-barred if filed anew in the proper forum, whether the claims are likely to have merit and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the Court lacked jurisdiction. *Id.* at 1223 n.16.

In assessing whether to certify a second or successive motion under 28 U.S.C. § 2255, the Court of Appeals considers whether the motion is based on (1) newly discovered evidence that if proven and viewed in light of the evidence as a whole would establish by clear and convincing evidence that no reasonable factfinder would have found defendant guilty of the offense or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). Defendant's claims do not satisfy this authorization standard, and therefore, the Court dismisses the motion in each case rather than transferring it to the Tenth Circuit. *See In re Cline*, 531 F.3d at 1252 (district court may refuse to transfer motion which fails on its face to satisfy authorization standards of Section 2255(h). Accordingly, and for the reasons set forth herein, Defendant's Motion is hereby DISMISSED WITHOUT PREJUDICE.

IT IS SO ORDERED this 5th day of January, 2017.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE